Dale **PAULSEN**, Administrator of the Estate of Ruby Edith Hickok, Deceased, Plaintiff,

v.

Evelyn **GUTIERREZ** and GNA Corporation and Subsidiaries, Defendants.

Civil Action No. 96–1369–FGT.

United States District Court, D. Kansas.

March 20, 1997.

1368

Thomas J. Berscheidt, Great Bend, KS, for Rudy Edith Hickok.

Marlys A. Marshall, Marshall, Womack & Ingram, Wichita, KS, for Evelyn Gutierrez.

Timothy R. Keenan, Keenan and Boeckman, P.A., Great Bend, KS, for GNA Corp.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff brings this action alleging that defendant Gutierrez committed fraud and violated her fiduciary duty to the decedent. Plaintiff contends Gutierrez exerted undue influence in persuading the decedent to name Gutierrez as beneficiary of an annuity. The case is brought pursuant to Kansas law. This matter is before the court on defendant Gutierrez's motion to dismiss. (Doc. 2). Defendant contends the action was filed after the expiration of the statute of limitations. The plaintiff originally failed to respond to the motion, and the court ordered the plaintiff to show cause why the case should not be dismissed. The plaintiff has responded to the show cause order and to the motion to dismiss, and the court will, accordingly, consider the motion to dismiss on the merits.

The following is a recitation of the facts contained in the complaint. In May 1991 Ruby Edith Hickok (then seventy-eight years old) and her husband (then one hundred years old) moved into a nursing home in Pratt, Kansas, where the defendant, Evelyn Gutierrez, was employed. Gutierrez persuaded the Hickoks to move into her home and to give her power of attorney. On July 15, 1991, pursuant to that power of attorney, Gutierrez transferred the Hickoks' checking accounts to a joint tenancy checking account listing Gutierrez as a joint tenant and co-signer.

On or about August 1, 1991, Gutierrez caused to be filed a Petition for Voluntary Conservatorship in the District Court of Edwards County, Kansas. The petition provided for Gutierrez to act as co-conservator for Ruby Edith Hickok. A hearing on the petition was held on August 20, 1996. The petition was denied, and Juanita Potter was appointed guardian for Ruby Edith Hickok. Sheila Maxwell was appointed conservator to replace Potter on September 23, 1991.

In the meantime, Gutierrez had requested a change of beneficiary form from GNA Corporation for the purpose of having Gutierrez named beneficiary of an annuity held by Hickok. It is alleged that defendant knew or should have known that Hickok was incapable of managing her financial affairs at that time and was incompetent to make the decision to change beneficiary. The form was completed, with Evelyn Gutierrez named beneficiary, signed on August 14, 1991, and mailed to GNA.

Hickok died on February 24, 1996. The plaintiff in this case is the administrator of the estate of Ruby Edith Hickok, the appointment having been made on May 9, 1996. Plaintiff was notified by a letter from GNA dated July 30, 1996, that GNA would be required to distribute the proceeds of the annuity (approximately $185,000) on September 3, 1996. This action was filed on August 19, 1996. GNA initially was named as a defendant, but the court has dismissed GNA upon its payment to the Clerk of the Court an amount representing the proceeds of the annuity.

Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true" and all reasonable inferences must be indulged in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. *Gas–A–Car, Inc. v. American Petrofina. Inc.*, 484 F.2d 1102, 1107 (1973). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ The defendant moves for dismissal based on the statute of limitations. Under Kansas law, a fraud action is governed by a two-year statute of limitations. K.S.A. § 60–513(a)(3). A cause of action for fraud accrues at such time as the fraud is discovered. *Id.*; *Augusta Bank & Trust v. Broomfield*, 231 Kan. 52, 643 P.2d 100, 108 (1982). This means the time of actual discovery or when,

with reasonable diligence, the fraud could have been discovered. *Id.*

■ The question, then, is whether the alleged fraud was or should have been discovered before August 19, 1994. Defendant contends first that the alleged fraud was discoverable by July 15, 1991, when Gutierrez added herself as a joint tenant on the Hickoks' bank accounts. The court disagrees. The plaintiff alleges that the decedent was incompetent at that time, which would leave her unable to discover any fraudulent conduct by the defendant. Furthermore, Kansas statute provides that a person under a legal disability, including an incapacitated person, may bring an action within one year after the termination of the disability regardless of the statute of limitations, and that if the person dies while disabled, a person entitled to claim from the deceased may bring the action within one year of the death. K.S.A. § 60–515.[1]

■ Defendant next argues that the alleged fraud was discoverable by no later than September 23, 1991, when the second conservator was appointed for the decedent. Again, the court disagrees. The issue of when the fraud was reasonably discoverable is a question of fact that cannot be answered by the pleadings alone. The defendant has presented evidence outside the pleadings in support of the motion to dismiss. Federal Rule of Civil Procedure 12(b) provides that the court may consider such evidence, thereby converting the motion into one for summary judgment under Rule 56. The court must give all the parties a reasonable opportunity to respond to the evidence. The court concludes that at this early stage of litigation it is inappropriate to convert the motion to dismiss into one for summary judgment. The plaintiff has not had an opportunity to conduct the discovery necessary to respond to the materials submitted by the defendant. The court, therefore, has not considered the outside evidence. The defendant may, of course, resubmit the evidence upon a motion for summary judgment at the completion of discovery.

1. The statute does provide for an eight-year statute of repose, § 60–515, but that does affect this case.

Finally, defendant argues that the plaintiff is not the real party in interest. It appears, however, that the contract creating the annuity provided for the estate to receive the benefits in the event a beneficiary was not properly named. Again, if discovery yields contrary evidence, the defendant should raise it at a later stage of the litigation.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant Gutierrez's motion to dismiss (Doc. 2) is hereby denied.